**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 25-4108**

_____

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

    v.

ALEXANDER CLARANCE STEELE,

          Defendant - Appellant.

_____

Appeal from the United States District Court for the Western District of Virginia, at Roanoke.  Elizabeth K. Dillon, Chief District Judge.  (7:17-cr-00026-EKD-1)

_____

Submitted:  November 10, 2025               Decided:  December 8, 2025

_____

Before AGEE, THACKER, and BERNER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**ON BRIEF:**  Mary E. Maguire, Federal Public Defender, Erin Trodden, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Charlottesville, Virginia, for Appellant.  C. Todd Gilbert, United States Attorney, Jonathan Jones, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Roanoke, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Alexander Clarance Steele pled guilty to conspiracy to possess with intent to distribute and to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), 846, and the district court sentenced him to 120 months' imprisonment and a 4-year term of supervised release. Before expiration of the supervision term, Steele's probation officer petitioned the district court to revoke it, alleging he had violated the conditions of his supervision by using controlled substances and failing to follow the officer's instructions related to the conditions of supervision, including the officer's instructions that Steele complete a substance abuse assessment. Steele initially was detained pending the revocation hearing, but the magistrate judge later released him on a bond and under the conditions, among others, that he would be released to Pyramid Healthcare treatment facility (Pyramid) to receive residential treatment for substance abuse, remain there for no less than 30 days and complete the treatment program, and not leave without court permission. The probation officer later petitioned the district court to issue a warrant for Steele's arrest because he left Pyramid without court permission one day after arriving there. Steele was arrested, and the magistrate judge revoked his bond and ordered him detained pending the supervised release revocation hearing after finding that Steele had violated the conditions of his release.

At the supervised release revocation hearing, Steele admitted to violating the conditions of his supervision by using controlled substances on two occasions, failing to follow the instructions of the probation officer, and leaving Pyramid after one day without permission. The district court calculated an advisory policy statement range under the U.S.

2

Sentencing Guidelines Manual (2024) of 18 to 24 months' imprisonment, revoked Steele's supervised release, and sentenced him to 18 months' imprisonment and 2 years' supervised release.

On appeal from the revocation judgment, Steele challenges the 18-month prison term. He argues that the term is procedurally unreasonable because the district court failed to explain why it rejected his proposal that, in lieu of revoking his supervision term and imposing a sanction for that revocation, it should instead defer ruling on whether he violated his supervised release, order him into a four-month substance abuse treatment program (the Alpha program) run within the jail where he was then incarcerated, and reconvene for another revocation hearing four months later (collectively, the Alpha program proposal). He also argues that the term is procedurally unreasonable because the district court may have incorrectly believed that it lacked the authority to implement the Alpha program proposal and erroneously found that his commitment to rehabilitation was not genuine and that his request to attend the program at Pyramid was a ruse. He further argues that the term is substantively unreasonable because the district court improperly focused on the need to account for his breaches of trust at the expense of the need to provide correctional treatment in the most effective manner and because the term is greater than necessary given the relationship between his substance use disorder and his supervision violations. He contends that the district court's errors in these regards were plain. We affirm.

"A district court has broad discretion when imposing a sentence upon revocation of supervised release. This [c]ourt will affirm a revocation sentence if it is within the statutory

3

maximum and is not plainly unreasonable." *United States v. Patterson*, 957 F.3d 426, 436 (4th Cir. 2020). Before deciding "whether a revocation sentence is plainly unreasonable, this [c]ourt must first determine whether the sentence is procedurally or substantively unreasonable," *id.*, applying "the same procedural and substantive considerations that guide [its] review of original sentences," but taking "a more deferential appellate posture than [it] do[es] when reviewing original sentences," *United States v. Padgett*, 788 F.3d 370, 373 (4th Cir. 2015) (internal quotation marks and brackets omitted). "[I]f a sentence is either procedurally or substantively unreasonable," only then does this court address "whether the sentence is plainly unreasonable—that is, whether the unreasonableness is clear or obvious." *Patterson*, 957 F.3d at 437 (internal quotation marks omitted).

"A [supervised release] revocation sentence is procedurally reasonable if the district court adequately explains the chosen sentence after considering the Sentencing Guidelines' nonbinding Chapter Seven policy statements and the applicable 18 U.S.C. § 3553(a) factors." *United States v. Coston*, 964 F.3d 289, 297 (4th Cir. 2020) (internal quotation marks omitted); *see* 18 U.S.C. § 3583(e) (listing applicable factors). "[A]lthough the court need not be as detailed or specific when imposing a revocation sentence as it must be when imposing a post-conviction sentence, it still must provide a statement of reasons for the sentence imposed." *United States v. Slappy*, 872 F.3d 202, 208 (4th Cir. 2017) (internal quotation marks and ellipsis omitted). At a minimum, the district court must explain the sentence sufficiently to permit meaningful appellate review "with the assurance that the court considered any potentially meritorious arguments raised by [the defendant] with

4

regard to his sentencing." *United States v. Gibbs*, 897 F.3d 199, 205 (4th Cir. 2018) (internal quotation marks, emphasis, and brackets omitted).

"A revocation sentence is substantively reasonable if, in light of the totality of the circumstances, the [district] court states an appropriate basis for concluding that the defendant should receive the sentence imposed." *Coston*, 964 F.3d at 297 (internal quotation marks omitted). "A sentence within the policy statement range is presumed reasonable, though the sentencing court retains broad discretion to impose a term of imprisonment up to the statutory maximum." *Padgett*, 788 F.3d at 373 (internal quotation marks, citation, and ellipsis omitted).

When considering a district court's findings supporting a chosen sentence, this court "review[s] its legal conclusions de novo and its factual findings for clear error." *United States v. Cox*, 744 F.3d 305, 308 (4th Cir. 2014). "Clear error occurs when the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Id.* (internal quotation marks and ellipsis omitted).

In asserting that his revocation prison term is procedurally unreasonable, Steele argues that the district court failed to explain why it rejected the Alpha program proposal. We disagree. The district court heard and considered Steele's arguments made in support of the Alpha program proposal. The court's reasons for rejecting the Alpha program proposal and imposing the 18-month prison term are easily matched to factors appropriate for consideration in the revocation sentencing context and are tied to Steele's particular situation, namely, the nature and circumstances of his violative conduct, his history and characteristics, and the sanctioning of his acts in breaching trust while on release,

5

*see* 18 U.S.C. §§ 3553(a)(1), 3583(e); USSG ch. 7, pt. A, introductory cmt. 3(b) ("[A]t revocation the [district] court should sanction primarily the defendant's breach of trust.").

We reject as without merit Steele's assertion that the district court may have denied his request to implement the Alpha program proposal based on an incorrect belief that it lacked authority to authorize implementation. Nothing in the court's comments explaining its sentencing decision suggests it believed it lacked the authority to implement the Alpha program proposal. We also reject as without merit Steele's arguments challenging some of the district court's findings supporting the 18-month term. Given that Steele used drugs while on release, did not comply with the instructions of his probation officer to complete a substance abuse assessment, and left the Pyramid program early and without permission but sought out drug treatment and engaged in rehabilitative programming while incarcerated and facing the prospect of further incarceration, the court did not clearly err in finding that his interest in rehabilitation appeared not to be genuine and that his request to attend the Pyramid program appeared to be a ruse.

We further reject Steele's argument that the 18-month prison term is substantively unreasonable because the district court improperly focused on the need to account for his breach of trust at the expense of the need to provide him correctional treatment in the most effective manner and because the term was greater than necessary given the relationship between his substance use disorder and his supervision violations.

"[D]istrict courts have extremely broad discretion when determining the weight to be given each of the § 3553(a) factors." *United States v. Jeffery*, 631 F.3d 669, 679 (4th Cir. 2011). Although a district court must avoid exclusively focusing or relying on

6

one sentencing consideration, *see United States v. Friend*, 2 F.4th 369, 381 (4th Cir. 2021), a defendant's mere "disagreement with the district court's weighing of the sentencing factors is not enough to find the sentence . . . unreasonable," *id.* Rather, this court will affirm an imposed sentence if "the totality of the circumstances indicates that the [district] court had a proper basis for its conclusion that the defendant should receive the sentence imposed." *Gibbs*, 897 F.3d at 204 (internal quotation marks omitted).

Because the 18-month prison term the district court imposed is within Steele's advisory policy statement range, it is presumptively reasonable. Based on its explanation for the sentence, the district court balanced the allowed § 3553(a) factors it deemed relevant, including Steele's conduct when afforded opportunities to participate in drug treatment and his repeated breaches of trust, which included his conduct in using drugs while on release. The district court was aware Steele suffered from a substance use disorder and calibrated its sentencing determination to reflect Steele's conduct in participating in rehabilitative programming. Nevertheless, exercising its considerable discretion, *see Patterson*, 957 F.3d at 436, the court ultimately determined that prison time over and above the four-month jail term proposed by Steele as part of the Alpha program proposal was warranted, highlighting his violative conduct, resistance to drug treatment, and significant breaches of trust. While Steele suggests that the district court should have given more weight to the Alpha program proposal, his "disagreement with the district court's weighing of the sentencing factors" does not render his sentence unreasonable. *Friend*, 2 F.4th at 381. We therefore conclude that, under the totality of the circumstances, Steele's 18-month prison term is substantively reasonable.

7

Steele's 18-month prison term is not unreasonable and therefore is not plainly unreasonable. Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*